IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-2184-WJM-SKC

GIROLAMO FRANCESCO MESSERI,

    Plaintiff,

v.

MELISSA ZAK,
STEVEN COWLES,
JOHN KISH,
KENNETH PACHECO,
CHADWICK BERRY,
ELLIS VON RIVENBURGH,
FRANCES NORTON,
JONATHON STEVENSON, and
CHARLES HESKETT

    Defendants.

## ORDER DENYING MOTION FOR RECUSAL [#44]

    I was appointed to the bench on August 3, 2018. Plaintiff Girolamo Messeri seeks my recusal because, from December 2013 to March 2014, the University of Colorado at Boulder engaged me to investigate an internal complaint of discrimination and harassment involving a separate matter not connected to Mr. Messeri's lawsuit.

    Mr. Messeri filed this lawsuit on July 24, 2020, naming nine officers or employees of the University of Colorado Police Department as Defendants. All

1

Defendants are represented by Erica Weston, an attorney from the Office of University Counsel with the University of Colorado.

Mr. Messeri proceeds *pro se*. Thus, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mr. Messeri seeks my recusal because the University of Colorado hired me in December 2013, while I was in private practice, to investigate an internal complaint of discrimination and harassment. He notes that I was "paid by the University of Colorado" to conduct that investigation, and "[s]uch an assignment by the University of Colorado raises reasonable questions about the impartiality in our case of the Magistrate Judge, on the basis of all the circumstances." He further argues "[h]ere we have a situation in which Magistrate Judge Kato Crews has worked for one of the parties, the University of Colorado in Boulder, and his impartiality might very well be questioned."

District Judge Martinez referred the Motion to me for a disposition. [#46.] For the reasons stated below, the Motion is DENIED.

## Legal Principles

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid the mere appearance of partiality on the part of a judge. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). The Tenth Circuit has held that under § 455(a) the Court is not required to accept all factual

2

allegations contained in a motion to disqualify as true. *See Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Rather, "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 939. This an objective standard; the inquiry is limited to outward indications of supposed impropriety and any reasonable inferences that can be drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Recusal is not warranted if the request is based on "unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 839; *Cooley*, 1 F.3d at 993 ("The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."). While a judge has an obligation to recuse herself from a case where her impartiality might reasonably be questioned, "[t]here is as much obligation for a judge not to recuse when there is no occasion to do so ..." *Cooley*, 1 F.3d at 994. If "no reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality," the motion to recuse must be denied. *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659–60 (10th Cir. 2002) (citation and internal quotation marks omitted). Indeed, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.* at 659 (citation and internal quotation marks omitted).

A judge generally is not required to recuse solely because a party was a client of the judge, particularly in matters unrelated to the case before the judge. *See, e.g.*, 28 U.S.C. § 455(b) (specifying circumstances where a judge "shall" disqualify herself).

3

To aid the analysis, the Court considers when the prior representation ended, the nature and duration of the prior representation, whether the judge has maintained a personal relationship with the client, and the instances requiring disqualification listed in 28 U.S.C. § 455(b).

## Analysis

1. **When the Prior Representation Ended**

My prior engagement by the University as an outside investigator ended long ago. The example attached to the Motion shows that specific engagement ended in March 2014. The parties should know the University engaged me as an outside investigator on other occasions to investigate internal complaints of discrimination and harassment.[1] To the best of my recollection, in my 17.5 years of private practice, the University engaged me to conduct approximately three total outside investigations, including the example attached to the Motion. I do not recall the dates of those engagements, but all investigations preceded 2018.

I have now been on the bench for over two years. There is no recency to these prior engagements.

**2.   Nature and Duration of the Prior Representation**

In the approximate three prior engagements by the University, the nature of the engagement was always as an independent, impartial, and outside investigator.

---

[1] To the best of my recollection, none of these prior investigations involved allegations against the University of Colorado Police Department.

4

As Exhibit A to the Motion shows, on December 17, 2013, the University appointed me as an "outside investigator" who was "expected to conduct an *independent* investigation." [#44, Exhibit A at p.11 (emphasis added).] It further shows that on March 19, 2014, I emailed copies of my Confidential Final Report to *all* parties involved—the complainant, the alleged discriminatory actor, and the University. It further shows the report "was reviewed and approved by a three-member review committee" per the University's then-applicable discrimination and harassment policies, which was a further check on my impartiality as an independent investigator. [*Id.* at pp.15-17.]

These documents demonstrate my function was as an independent investigator and impartial fact finder, not as an advocate representing the University. The University did not previously engage me as its legal counsel to provide legal advice or to defend it against claims of discrimination and harassment. I never represented the University in litigation or otherwise as its attorney at any time while in private practice.

In terms of duration, Mr. Messeri's example of one of these prior engagements shows the engagement lasted only three months. From what I recall of the other similar investigations, they too had a duration of mere months, not years.

### 3.      Maintenance of a Personal Relationship with the Client

I do not maintain a personal relationship with the University, or any of its departments or leadership. I have no personal relationship with any of the Defendants in this case or their attorney, Erica Weston.

Since taking the bench in August 2018, I have presided over (either as referral magistrate judge or as the presiding judge on consent) six matters wherein the University of Colorado (or its personnel) is or was a named defendant. No party has questioned my impartiality vis-à-vis the University until this Motion.

### 4.      § 455(b)(1)

I have also considered § 455(b)(1), which lists circumstances when a judge must disqualify herself. In considering those examples, I note I have no personal bias or prejudice concerning any party to this case; I have no personal knowledge of disputed evidentiary facts concerning these proceedings; and I did not previously serve as a lawyer in this matter or the matters in controversy.

*       *       *

Based on the above, I find no reasonable person, knowing all the relevant facts, would harbor doubts about my impartiality. 28 U.S.C. § 455(a). Nor do the facts set forth in the Motion establish that I have a personal bias or prejudice concerning any party or that there is any reasonable basis to question my impartiality in this case, as required by 28 U.S.C. § 455. The Motion is DENIED.

DATED:    February 10, 2021

BY THE COURT:

_____

S. Kato Crews
U.S. Magistrate Judge

7